**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHARLES EDWARD SCOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00362-O-BP** |
| | § | |
| **FORT WORTH HOMELESS** | § | |
| **SHELTER,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Charles Scott sued an entity called "Truth Worth Homlles Shaller" on April 28, 2022. ECF No. 1. The undersigned believes that to mean "Fort Worth Homeless Shelter," but even then the specific entity Scott intends to sue remains ambiguous. Scott filed a Motion for Leave to Proceed *In Forma Pauperis* that same day. ECF No. 2. But the application to proceed *in forma pauperis* he submitted was unanswered, with Scott drawing lines through several sections of the form and writing "N/A" across the rest. *See id.* The Court informed Scott it could not determine his Motion without an answered application and ordered him to either pay the filing fee or submit a fully completed long form application to proceed *in forma pauperis* by May 31. ECF No. 5. The Court warned Scott noncompliance "**could result in a recommendation that this case be dismissed**. *See* Fed. R. Civ. P. 41(b)." *Id.* at 2. To date, Scott has neither complied with that Order nor submitted any other pleading explaining his delay. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

## I.    LEGAL STANDARDS

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

## II.    ANALYSIS

Scott submitted an unanswered and unsigned application to proceed *in forma pauperis* despite clear instructions to sign the form and "[c]omplete all questions in this application." *See* ECF No. 2 at 1. The Court notified Scott it could not render a decision on his Motion in the absence of a signed, fully completed application. ECF No. 5. Yet the Court afforded him an opportunity to remedy this issue by signing and submitting a "fully complete" *in forma pauperis* application or paying the relevant filing fee. *Id.* Despite a clear warning that noncompliance could result in a recommendation that his case be dismissed under Federal Rule of Civil Procedure 41(b), Scott did not comply with that order or submit a pleading to explain his delay. Accordingly, Judge O'Connor should dismiss his case for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b); *see also Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (observing that district courts are empowered to dismiss actions *sua sponte* under Rule 41(b) and routinely do). This is precisely the circumstance envisaged by the Rule, which flows from the Court's inherent authority

to manage its docket. *Boudwin*, 756 F.2d 399, at 401 (citing *Link*, 370 U.S. 626). Nevertheless, because nothing indicates Scott's noncompliance stems from "purposeful delay or contumaciousness," and the Court has not first "employed lesser sanctions," the Court should dismiss Scott's case without prejudice. *Long*, 77 F.3d at 880.

## III.   CONCLUSION

Scott failed to comply with prior court orders despite being warned noncompliance could lead to a recommendation that his case be dismissed without further warning. But his noncompliance does not appear to stem from purposeful delay or contumaciousness and the Court has not employed any lesser sanctions in this case, such as dismissal without prejudice. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc).

      **SIGNED** on June 6, 2022.

_____

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE